Smith *v.* Wyckoff.

---

SMITH and others, executors, &c. *vs.* WYCKOFF and others.

Where the testator, after bequeathing certain specified articles of personal estate to his widow, and certain other specified articles of personal property and a farm to his son N., charged with an annuity to the widow in lieu of dower, devised to his son L. his farm in *Bushwick*, subject to an annuity to the widow in lieu of her dower therein, and subject to the payment of certain specified debts of the testator, stated to have been contracted for the benefit of the devisee, and to the payment of every other note or obligation which the testator had signed with him or endorsed for him, for the payment of which the testator's executors were or might be liable, and subject to the payment of the debts owing by the devisee to the testator, and to his son N. and his daughter A.; and bequeathed the residue of his personal estate to his two daughters to be divided between them, two and a half years after his death, from which time, and not before, the executors were to charge his son L. with interest on the debts owing by the latter, for the use of the testator's said daughters; *Held*, that the personal estate bequeathed by the testator to his widow, and to his son N. and to his two daughters, was by the terms of the will exonerated from the payment of the several debts charged upon the Bushwick farm devised to his son L., and that such farm was primarily liable for the payment of such debts.

*Held further*, that the individual or personal debts of the testator, not charged upon the Bushwick farm, were not provided for by the will, and were therefore primarily chargeable upon the testator's residuary personal estate which was not specifically bequeathed to his widow and his son N.; and that the debts due the testator from his son L., and which were charged upon the Bushwick farm, constituted a part of the fund for the payment of those debts of the testator which were not provided for by his will.

*Held also*, that the devisee of the Bushwick farm, having accepted the devise, could not raise the question whether the notes or obligations which the testator had signed with him were, or were not, the proper debts of such devisee; and that they

Smith *v.* Wyckoff.

were primarily chargeable upon the Bushwick farm, even if they were the proper debts of the testator as between him and the devisee.

*Held further,* that the owners of a joint and several note signed by the testator and his son L., which by the will was charged upon the Bushwick farm, had a right to file a bill to obtain payment of the same out of the proceeds of the farm, without waiting the three years allowed by law to the executors to apply to the surrogate, for an order to sell real estate for the payment of debts, and without previously exhausting their remedy against the personal estate in the hands of the executors.

*Held also,* that the heirs at law of the testator were not necessary parties to a bill to obtain payment of a debt out of real estate upon which it was specifically charged by the will of the testator, and which real estate was the primary fund for the payment of such debt.

Where a debt of the testator is primarily chargeable upon lands specifically devised, if the creditor obtains payment thereof out of the personal estate or other property which is only secondarily liable, the owners of such personal estate or other property are entitled to be subrogated to the rights of such creditor, as against the estate specifically devised. And to prevent circuity of action, a court permits, and sometimes requires the creditor, who has two funds to resort to, for payment of his debt, to proceed at once against the primary fund, without subjecting the owners of the secondary fund to useless litigation.

When the testator charges his real estate, or any part of it, with the payment of his debts, in exoneration of his personal property, the creditors may at once come into chancery to obtain satisfaction of their debts out of such primary fund; although they have a perfect remedy at law against the personal estate in the hands of the executors.

A judgment, recovered against the devisee of real estate, which estate is charged by the testator with the payment of a joint and several note given by such devisee and the testator, upon which such judgment is obtained, is at law junior and subordinate, as a lien upon the real estate of the devisee, to a prior judgment against such devisee for his individual indebtedness.

Where real estate is devised, charged with the payment of debts, and the several creditors to whom such debts are due are named in the will, if one of such creditors files his bill to obtain satisfaction of his debt out of the estate devised, he should make the other creditors, whose debts are still due, parties to the suit. But where the creditors are not named in the will, and the complainant is unable to ascertain that there are any other creditors, or who they are, it is sufficient to state that fact in his bill, in the first instance.

THIS was an appeal, by the defendants Wyckoff and wife, from a decretal order of the vice chancellor of the first circuit, overruling their demurrer to the complainant's bill. In November, 1837, Peter Wyckoff and his son Lambert, one of the defendants in this suit, gave their joint and several promissory note

to Edmund Smith, for $5000, payable in three years, with semi-annual interest.    Peter Wyckoff died in 1842, leaving this note unpaid.    And by his will he disposed of his real and personal estate as follows :  *Firstly*, he directed his executors to  pay his *funeral charges* out of his personal estate.    *Secondly*, he gave to his wife all  his  household and  kitchen  furniture, bedsteads, bedding, woollen, linen and cotton goods;  and the use and occupancy of  two  rooms in  his  mansion house,  where she was to be furnished by his son  Nicholas with a sufficiency of fuel during  her  widowhood.    *Thirdly*, he devised to his son Nicholas his homestead farm,  subject to  the  privileges therein devised to his widow, and  subject to  the  payment to her of an annuity of $200, in  semi-annual  payments, during  her  widow-hood, in lieu of her dower in such farm;  and he also bequeathed to  his son Nicholas *absolutely* all the horses,  cattle,  swine, wagons, harness, mechanical tools, and implements of husbandry, of every description, belonging to him the testator either wholly or in part, and then in his possession on said farm.    *Fourthly*, he devised to his son Lambert, one of the defendants in this suit, and to his  heirs and  assigns, his farm in Bushwick,  subject to certain charges thereon ;  which charges, as contained in the will, were in the following words :  " Subject nevertheless to the pay-ment of two hundred dollars per year, in  half-yearly payments, to my widow, during  her  widowhood,  in  lieu of her right of dower in said farm;  also subject to the payment of a note which I have signed for his use in  favor of Edmund Smith of the city of New-York, for $5000 ;  also  subject to  the  payment of  my bond for $1500, given to  Henry Onderdonk, for money loaned for his use ;  also subject to the  payment of  every other note, or obligation for the payment of money, *which I have signed with him, or endorsed for him*, for  the  payment of which I or my executors or administrators are or may be liable;  also subject to the payment of the debts which he  owes to  my  son  Nicholas, and my daughter Anne, the  widow of  Adrian Onderdonk ; and also subject to the payment of all the debts which he owes to me on his notes and obligations."    And *lastly*, the testator bequeathed to his two daughters, Anne Onderdonk,  and  Sarah, the  wife of

J. G. Van Cott, all his personal estate which he had not previously disposed of by his will, to be equally divided between them, or their heirs, by his executors, within two and a half years after his death; from which time and not before, he directed his ex- ecutors to charge interest, for the benefit of his said daughters, upon the debts which his son Lambert owed to him.

Edmund Smith, the payee of the $5000 note, having died, and Lambert Wyckoff, the surviving maker thereof, having neglected to pay the same, the bill in this cause was filed by the executors of the payee, in behalf of themselves and all other creditors of Peter Wyckoff whose debts were charged upon the farm devised to his son Lambert, to obtain payment and satisfaction of their debts out of said farm, and for such further or other relief as they were entitled to, upon the case made by their bill. And Lambert Wyckoff, the devisee, and his wife, and the exec- utors of Peter Wyckoff the devisor, and Nicholas Wyckoff and Anne Onderdonk, whose debts were charged upon the devised premises, and John Wyckoff a judgment creditor of the devisee, who had obtained a general lien upon the premises, by the docketing of his judgment in the county in which the farm was situated, were made parties to the suit. Lambert Wyckoff and his wife put in a demurrer to the whole bill, for want of equity; and stated as special causes of demurrer, that three years had not elapsed since the granting of letters testamentary upon the estate of Peter Wyckoff the decedent; that it did not appear that the personal estate of the decedent was insufficient to pay his debts; that it did not appear by the bill that the per- sonal estate of the decedent was exempted by his will from the payment of his debts; that it did not appear that the complainants had applied to the executors of the decedent for payment; that no proceedings had been had by the complain- ants to collect their debt, from the personal estate of the decedent or otherwise; that they had not obtained any judgment against any person for such debt; that it did not appear that the defen- dant Lambert Wyckoff was insolvent, so that they could not have obtained payment of their debt by an action at law against him; that all the heirs at law of the decedent were not made

parties to the suit; and that the complainants had a full and adequate remedy at law. The notice of appeal was in the name of Lambert Wyckoff alone; but the counsel for the parties, upon the argument, consented that it might be considered as an appeal by him and his wife jointly.

*G. Bowman,* for the appellants. The bill is prematurely filed, and should for that reason be dismissed. (2 *R. S.* 46, § 53. *Leonard* v. *Morris,* 9 *Paige,* 90. *Butts* v. *Genung,* 5 *Id.* 256.) All the heirs at law of Peter Wyckoff should have been made parties. (*Calvert on Parties,* § 3, 4. 17 *Law Library,* 162, 171.) The bill cannot be sustained unless the debt of the complainants is expressly and exclusively charged on the real estate devised to Lambert Wyckoff. (2 *R. S.* 369, §§ 33, 34, 35, 36.) The debt is not so charged. By the established rules of construction, the will of Peter Wyckoff does not exonerate his personal estate from the payment of his debts; and the personalty therefore continues the primary fund for such payment. (*Saurwell* v. *Wake,* 1 *Bro. C. C.* 146. *Ancaster* v. *Mayer, Id.* 454. *Stephenson* v. *Heathcote,* 1 *Eden's C. R.* 38. *Dolman* v. *Smith, Prec. in Ch.* 457. *Hazlewood* v. *Pope,* 3 *P. Wms.* 323. *Tait* v. *Lord Northwick,* 4 *Vesey C. R.* 820. *Hartley* v. *Hurle,* 5 *Id.* 500. *Gray* v. *Minnethorpe,* 3 *Id.* 103. *Brummel* v. *Prothero, Idem,* 111. *Bridges* v. *Phillips,* 6 *Id.* 566. *Watson* v. *Brickwood,* 9 *Id.* 447. *Aldrige* v. *Lord Wallswort,* 1 *Ball & Beat.* 312. *Seaver* v. *Lewis,* 14 *Mass. R.* 83. *Dunlop* v. *Dunlop,* 4 *Dess. Rep.* 323. *Lowndes' Law of Legacies,* 329 *and cases cited. Inchiquin* v. *French,* 1 *Cox C. C.* 5. *Ambl.* 33. *Bromhall* v. *Wilbraham, Forrester,* 274.) Although the rule as to what is necessary to make real estate the primary fund for the payment of debts has been somewhat relaxed in England, yet it has not been relaxed in this country. (*See Gettins* v. *Steele,* 1 *Swanst.* 24, *note* 1. *Seaver* v. *Lewis,* 14 *Mass.* 83. *Lupton* v. *Lupton,* 2 *John. C. R.* 614.) Although real estate is expressly charged by the will, yet if no express power or direction to sell is given, the court will not order a sale unless a necessity therefor be shown. (*Stapleton* v. *Cole-*

*ville, Talb.* 208, *referred to in note a. to M'Cleland v. Shaw,* 2 *Sch. & Lef.* 544. *Harris v. Fly,* 7 *Paige,* 427.) *Wainwright v. Bendlowes,* (2 *Vern.* 718,) "A difference is to be taken where the estate is to be sold out and out for the payment of debts, and where the debts are only charged on it." (2 *Sch. & Lef.* 540. *Lamby v. May, Prec. in Ch.* 37. *Leigh v. Earl of Warrington,* 4 *Bro. P. C.* 90. *Davis v. Gardiner,* 2 *P. Wms.* 187.) A court of chancery will not decree a sale of lands, where no time for payment is appointed. (*Lowndes on Leg.* 320 *and cases cited.*) A power of sale may be implied from the fixing of the time of payment. (*Evelyn v. Evelyn,* 2 *P. Wms.* 669.)

*H. Nicoll,* for the respondents. It was the intention of the testator that the complainants' debt should be paid exclusively out of the real estate devised to his son, the defendant Lambert Wyckoff, and that his personal property should be exonerated therefrom. If the court, upon an examination of the testator's will, is satisfied that he intended to exonerate his personal estate from the payment of debts, it will give effect to such intention. It is not necessary that the evidence of such intention should be found in express words. It is sufficient if it may be gathered from an inspection of the whole will. (*Lord Inchiquin v. French,* 1 *Cox,* 1, *and note. Tait v. Lord Southwick,* 4 *Vesey,* 816. *Hancox v. Abbey,* 11 *Id.* 109. *Watson v. Brickwood,* 9 *Id.* 454. *Bootle v. Blundell,* 1 *Mcriv.* 154. *Gittins v. Steele,* 1 *Swanston,* 28. *Lupton v. Lupton,* 2 *John. Ch. Cas.* 623. *Hawley v. James,* 5 *Paige.* 449. *Harris v. Fly,* 7 *Id.* 425.) Where the will contains a bequest of the personal estate, not as a mere residuum, and debts are charged on the realty, there is in that circumstance alone sufficient evidence of an intention on the part of the testator to exonerate his personal estate from the payment of such debts. (*M'Cleland v. Shaw,* 2 *Sch. & Lef.* 544. *Tait v. Lord Southwick,* 4 *Vesey,* 816 *Watson v. Brickwood,* 9 *Id.* 454. *Tower v. Lord Rows,* 19 *Id.* 138. *Greene v. Greene,* 4 *Madd.* 148. *Seaver v. Lewis,* 14 *Mass.* 83.) The evidence of such intention on the part of

the testator must be found in the will alone, and the court will exclude all extrinsic circumstances in its construction. (*Brummell* v. *Prothero*, 3 *Vesey*, 111. *Mann* v. *Mann*, 14 *John. R.* 1.) The court will marshal the assets of a testator, in favor of legatees of the personal estate, where debts are specifically charged on the real estate; and will compel the creditors to exhaust such real estate, by a sale, before they will be permitted to resort to the personal estate. (*Lanoy* v. *Duke and Dutchess of Althoe*, 2 *Atk.* 446. *Martin* v. *Martin*, 1 *Vesey, jun.* 212. *Mogg* v. *Hodges*, 2 *Vesey, sen.* 53. *Clifton* v. *Burtt*, 1 *P. Wms.* 678, *and note. Sagittary* v. *Hyde*, 1 *Vern.* 456. *Cheesborough* v. *Millard*, 1 *John. Ch. Cas.* 409. *Lutkins* v. *Leigh, Cas. Temp. Talb.* 52. 2 *Story's Eq. Jurisp.* 530, 31, 32, 33.) The bill in this cause was filed by the complainants on behalf of themselves and of all others whose debts or legacies were charged by the testator on the real estate devised to the defendant Lambert Wyckoff. This is in accordance with the well settled doctrines of this court in the matter of parties. (*Brown* v. *Ricketts*, 3 *John. Ch. Cas.* 533. *Fish* v. *Howland*, 1 *Paige*, 20.) The heirs at law of the testator are not necessary parties to the bill, because the will has been duly proved as against them in the office of the surrogate of Kings county. And even if such had not been the case, their presence before the court in this suit would not be required. (*Harris* v. *Ingledew*, 3 *P. Wms.* 91. *Morrison* v. *Arnold*, 19 *Vesey*, 673. *Calvert on Parties to Suits in Eq.* 163, 64, 65. 17 *Law Library. Sugden on Vend. and Purch.* 369, 370, 9*th Lond. ed. and cases there cited.*) Whenever lands are charged with the payment of debts or legacies, this court will order a sale thereof. (*Stapleton* v. *Colville, Cas. Temp. Talb.* 202.) The complainants' bill discloses a proper case for the interference of the court in granting the relief prayed for; and the demurrer of the defendant Lambert Wyckoff should be overruled with costs.

THE CHANCELLOR. This case steers clear of all the conflicting decisions as to what shall be considered as evidence of the intention of a testator to charge his real estate, with the payment

of debts or legacies, in exoneration of his personal property. But even if the debts charged upon the farm devised to the defendant Lambert Wyckoff, in this case, had been the proper debts of the testator himself, I think there is sufficient in this will to show that he intended that his wife, and his son Nicholas, and his two daughters, should take all the personal estate, bequeathed to them respectively, exonerated from the payment of these particular debts; unless this Bushwick farm, devised to his son Lambert, should prove insufficient for that purpose.

From this will, it is perfectly evident that the testator did not consider himself as providing for debts owing from him individually, in the devise of this farm to his son charged with the payment of the several debts mentioned in the will. What he considered as his own individual debts, if he had any such, are left wholly unprovided for in the will; and must of course form a charge upon the personal estate not specifically bequeathed to his widow and his son Nicholas. And a part of the fund for the payment of such individual debts, if there are any, consists of debts due from the devisee of the Bushwick farm, to his father, which are expressly charged upon those premises. It is not distinctly averred in the bill that the note of $5000, given to the testator of the complainants, by Lambert Wyckoff and his father, in November, 1837, is the identical note described in the will, as a note of $5000 which the testator had signed for the use of the devisee, in favor of Edmund Smith; though there can be no reasonable doubt of the fact. But even if this was a different note, it is also expressly charged upon the demised premises by the subsequent clause of the will, which subjects the Bushwick farm to the payment of every other note, or obligation for the payment of money, which the testator had signed with Lambert Wyckoff the devisee, for the payment of which the testator was, or his personal representatives, might be liable. The note in question certainly is one signed by Peter Wyckoff with his son Lambert, for the payment of which the testator was liable at the time of the making of his will; and which his executors must pay out of the personal estate, if the same cannot be collected from the devisee or out of the proceeds of the farm devised

to him. Nor can the devisee, who takes the farm under the provisions of this will, raise the question whether the notes signed by him with his father, and thus made a specific charge upon the devised premises, were in fact given for debts which the devisee in justice and equity is bound to pay. For if he claims the farm under this will, he must take it subject to the payment of such debts as the testator thinks proper to charge him with, as a condition of such devise.

This is not a proceeding under the revised statutes to charge a devisee of real estate with the general debts of the testator; in which case the creditor is required to wait until the expiration of the three years allowed to the personal representatives of the decedent to apply for an order to sell the real estate for payment of debts; and where the remedy against the personal estate must be exhausted before the real estate, in the hands of heirs or devisees, can be resorted to. None of the objections founded upon the provisions of the revised statutes, therefore, can be sustained. Nor are the heirs at law of the testator necessary parties, even if he left any real estate not specifically devised. For the Bushwick farm is in equity the primary fund for the payment of the debt of the complainants. And if this debt should be collected by them out of the personal estate of the decedent, or out of real estate descended to his heirs at law, the legatees of the personalty, or the heirs at law of the real estate, whose property had been thus applied would be entitled to be subrogated to the rights of these complainants, as against the primary fund. To avoid such circuity of suit, therefore, a court of equity permits, and sometimes requires a creditor, who has two funds to resort to for payment of his debt, to proceed at once against the primary fund; without subjecting the owners of the secondary fund to useless litigation. Where the testator, therefore, has charged his real estate, or any part of it, with the payment of his debts, in exoneration of his personalty, the creditors may come at once into this court to obtain satisfaction of such debts out of such primary fund; although they may have a perfect remedy at law against the personal estate in the hands of the executors.

Vol. XI.                          8

Nor is the objection that the complainants have not exhausted their remedy at law against Lambert Wyckoff, as the surviving maker of the note, well taken. The note given to the testator of the complainants, by Peter Wyckoff and his son Lambert, was a joint and several note. The complainants therefore had the right to proceed either against the surviving maker of the note, upon his personal liability as one of the joint and several makers, or against the estate of the deceased maker, at their election. Here, if they had proceeded against the devisee, at law as the surviving maker of the note merely, any judgment which they might have recovered against him, for this debt, would have been junior and subordinate, as a lien upon his real estate, to the $6000 judgment, recovered by John Wyckoff against him in 1842. And if they had sued the executors of the deceased maker, at law, they would have done palpable injustice to the legatees of the personal estate, as the owners of the fund which was only secondarily liable for the payment of the debts specifically charged by such deceased maker upon the Bushwick farm. Independent of the principle upon which ordinary creditors' bills are sustained in this court, after the remedy at law against the debtor has been exhausted, these complainants had a right to file their bill at once against the devisee of the real estate which the deceased maker of this joint and several note had charged with the payment of this debt, in exoneration of his personal property.

The objection that it appears by the bill of the complainants that there was a debt due to H. Onderdonk, for $1500, which was also a specific lien upon the Bushwick farm, and that he ought to have been made a party, was not raised by the demurrer; nor was it raised *ore tenus,* upon the argument of the demurrer in the court below. It cannot, therefore, avail the appellants here as a ground for reversing the decretal order appealed from. I am inclined to think the bill is technically defective in this respect, according to the decision of Lord Kenyon in the case of *Morse* v. *Sadler,* (1 *Cox's Cas.* 352,) and of this court in *Hallet* v. *Hallet,* (2 *Paige's Rep.* 22.) Where the creditors whose debts are charged upon real estate are named in the will, it appears to be proper that any one of them who files

a bill to obtain satisfaction of his debt out of the real estate thus charged should make the other creditors who are thus known and whose debts are still due, parties to the suit, so that the purchaser may get a good title, and that the property may not be sacrificed by a sale which will not cut off the claims of creditors who are not made parties. But where the names of the creditors are not specified in the will, and the complainant is not able to ascertain that there are any other creditors, or who they are, an averment to that effect appears to be sufficient. At least it will be an answer to any objection for a want of parties, until the defendant, by his answer, distinctly points out what other persons have specific liens upon the real estate, thus charged, as creditors ; so as to enable the complainant to make them parties. In this case I think it may fairly be inferred from the bill, that H. Onderdonk, whose bond debt of $1500 was charged upon the Bushwick farm, is still a creditor whose debt remains unpaid. If so, he should have been made a party, either as a complainant or a defendant in the suit. For this reason, although the decretal order appealed from must be affirmed with costs, it must be without prejudice to the right of the appellants to raise the objection in their answer, that he is not made a party ; unless the complainants shall amend, by making him a defendant in the suit, or by inserting an averment in their bill that his debt has been paid, so as to be no longer a specific lien upon the farm devised to Lambert Wyckoff.

The proceedings are remitted to the vice chancellor.